

ORDERED in the Southern District of Florida on June 17, 2011.

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                                         Case No: 10-49594-AJC
MARIN, DIANA PATRICIA                                          Chapter 13
_____Debtor /

**AGREED ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY BANK UNITED, FSB**

THIS CASE is scheduled to be heard on July 19th, 2011 the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 64; the "Motion").

Based on the parties having agreed before the hearing, the Court FINDS as follows:

A.    The value of the Debtor's real property (the "Real Property") located at

301 Racquet Club Road, Apt # 309, Weston, FL 33326 and more particularly

described as:

Legal Description: Condominium unit No. 309, Building four of Racquet Club apartment at Bonaventure 7, A condominium, according to the declaration of condominium thereof, as recorded in Official Records Book 6441 at page 524, of the Public Records of Broward County, Florida.

is $80,000.00 at the time of the filing of this case and upon agreement

between the parties.

B. <u>Bank United FSB</u> holds the senior lien on the property.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $<u>80,000.00</u> and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $<u>80,000.00</u> payable at an interest rate of 5.25% and for a total of $91,132.71.

3. Because Lender's secured interest in the Real Property is $80,000.00, Lender's mortgage recorded on <u>December 27, 2004</u> at OR Book 38648 Page 307, Page 1 of 19, of the official records of <u>Broward</u> County, Florida shall be satisfied upon payment of the reduced amount, without further order of the Court, upon entry of the Debtors discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered satisfied and shall be restored as a lien on the Real Property.

4. Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

5. The loan is escrowed. The rights of the lender to maintain the escrow account and change the payment annually pursuant to the loan agreement and governing non-bankruptcy law are not altered by this order or the Chapter 13 Plan.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the Debtors receive a discharge in this chapter 13 case.

###

Submitted By:
The Law Office of Maite L. Diaz, P.A.
400 N. Hiatus Road, Suite 200
Pembroke Pines, FL 33026
Telephone: 954-389-1667
Facsimile: 954-389-1657

*Maite L. Diaz, Esq. is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.*